UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**CUMIS INSURANCE SOCIETY, INC.,**  )
                                    )
      **Plaintiff,**  )
                                    )
      v.            )    Civil Action No. 10-1478 (ESH)
                                    )
**JEVON C. BILLUPS,**               )
                                    )
      **Defendant.** )
_____ )

# MEMORANDUM OPINION

Plaintiff Cumis Insurance Society, Inc. ("CUMIS") filed this action against defendant Jevon C. Billups seeking to recover the $79,804.48 it expended as the insurer of the D.C. Teachers Federal Credit Union ("Credit Union") to cover losses caused by defendant's wrongful conduct while he was an employee of the Credit Union. Before the Court is plaintiff's motion for entry of default judgment pursuant to Fed. R. Civ. P. 55(b) (Pl.'s Mot. for Default Judgment ("Pl.'s Mot."), Oct. 26, 2010 [dkt. #7].) For the reasons stated herein, that motion will be granted, and a default judgment against defendant and in favor of plaintiff in the amount of $79,804.48 will be entered.

## BACKGROUND

Plaintiff CUMIS is a Wisconsin Corporation with its principal place of business in Madison, Wisconsin. (Compl. ¶ 1.) Defendant Billups resides in Clinton, MD 20735. (*Id.* ¶ 2.) D.C. Teachers Federal Credit Union is a financial institution organized under the National Credit Union Act and headquartered in Washington, DC. (*Id.* ¶ 5.) From July 8, 2002, through December 26, 2008, defendant was employed by the Credit Union as a Junior Loan Officer. (*Id.*

¶ 9.) From November 2006 through February 2008, he opened and/or disbursed 19 loans that, in various ways, did not comply with the Credit Union's lending policy and that were orchestrated so that he could take some or all of the loan proceeds for his own benefit. (*Id.* ¶¶ 14-23; *see also* Pl.'s Mot., Ex. A ("Leigh Aff.") ¶¶ 5-6.) As a result of these loans, the Credit Union suffered losses. (Compl. ¶ 24.) To cover those losses and pursuant to the Credit Union's fidelity bond with plaintiff, plaintiff paid the Credit Union $79,804.48. (*Id.* ¶ 25; Leigh Aff. ¶ 7, 8.)

On August 31, 2010, plaintiff filed a complaint against defendant for fraud, conversion, breach of fiduciary duty, and unjust enrichment, seeking to recover the $79,804.48 it had paid to the Credit Union to cover its losses from defendant's wrongful and unlawful conduct. (Compl. ¶¶ 26-45.) Defendant was personally served on September 4, 2010, at 6:20 a.m. by a process server from Capitol Process Services, Inc. (Aff. of Service at 2, Oct. 1, 2010 [dkt. #3].) Accordingly, defendant's answer was due on September 27, 2010. (*Id.*) After defendant failed to file an answer or otherwise respond to the complaint, plaintiff filed an affidavit for the entry of default (Aff. for Entry of Default, Oct. 6, 2010 [dkt. #5]), and the next day the Clerk of Court entered a default against defendant. (Clerk's Entry of Default, Oct. 7, 2010 [dkt. #6].)

On October 26, 2010, plaintiff filed a motion for entry of default judgment, "requesting judgment against Defendant Jevon Billups and in favor of CUMIS in the amount of $79,804.48 (SEVENTY-NINE THOUSAND, EIGHT HUNDRED FOUR and 48/100 DOLLARS)." (Pl.'s Mot. for Default Judgment, Oct. 26, 2010 [dkt. #7].) In support of that motion, plaintiff has filed the Affidavit of Diane Leigh, a Senior Recovery Specialist at CUMIS. (Pl.'s Mot., Ex. A, ¶ 1 ("Leigh Aff.") [dkt. #7-2].) According to the Leigh Affidavit, CUMIS insured the Credit Union against loss occasioned by the dishonesty of a Credit Union employee, and, as a result of

defendant's dishonesty, it paid CUMIS $79,804.48.  (*Id.* ¶¶ 2,7.)  As of the date of this Memorandum Opinion, defendant has not entered an appearance nor has he filed any pleadings in this case.

## DISCUSSION

Plaintiff seeks a default judgment against defendant and in favor of plaintiff in the amount of $79,804.48.[1]  Courts strongly favor resolution of disputes on their merits, but default judgment is available "when the adversary process has been halted because of an essentially unresponsive party. . . .  The diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights."  *Jackson v. Beech*, 636 F.2d 831, 835-36 (D.C. Cir. 1980) (internal quotations omitted).  A default judgment is warranted if defendant is a "totally unresponsive" party and its default is plainly willful, as reflected by its failure to respond "either to the summons and complaint, the entry of default, or the motion for default judgment." *Gutierrez v. Berg Contracting Inc.*, No. 99-3044, 2000 WL 331721, at *1 (D.D.C. March 20, 2000) (citing *Jackson*, 636 F.2d at 836).

Where, as here, there is a complete "absence of any request to set aside the default or suggestion by the defendant that it has a meritorious defense, it is clear that the standard for default judgment has been satisfied."  *Int'l Painters and Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC*, 531 F. Supp. 2d 56, 57 (D.D.C. 2008) (internal quotation marks omitted). And this is not a case where the application for default should be denied because "the allegations of the complaint, even if true, are legally insufficient to make out a claim."  *Gutierrez*, 2000 WL

---

[1] The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and venue is proper under 28 U.S.C. § 1391.

331721, at *2.  Finally, no hearing is needed to "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter," Fed. R. Civ. P. 55(b)(2), as there are sufficient "detailed affidavits [and] documentary evidence" to allow the Court to independently assess "the appropriate sum for the default judgment."  *Flynn v. Mastro Masonry Contractors*, 237 F. Supp. 2d 66, 69 (D.D.C. 2006) (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)).

## CONCLUSION

Accordingly, and for the reasons set forth above, the Court will grant plaintiff's motion for default judgment and enter judgment in favor of plaintiff and against defendant in the amount of $79,804.48.  A separate Order of Judgment accompanies this Memorandum Opinion.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

DATE:  November 4, 2010